UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Civil Action No. _____

ANATRES J. CIOTTI, individually, and on
behalf of all others similarly situated,

    Plaintiff,

v.

NEXUM GROUP INC.

    Defendant.
_____/

## CLASS ACTION COMPLAINT

**NOW COMES** ANATRES J. CIOTTI, individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of NEXUM GROUP INC. ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

1

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7. ANATRES J. CIOTTI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Sandford, Florida.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

11. Defendant is a corporation organized and existing under the laws of Florida.

12. Defendant maintains its principal place of business in Orlando, Florida.

13. Defendant is a prominent debt collection agency that collects debts owed to third parties.

14. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

15. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

16. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9997.

18. At all times relevant, Plaintiff's number ending in 9997 was assigned to a cellular telephone service.

19. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

20. Prior to the events giving rise to this action, Plaintiff rented a home from Anna Eliane Dorn ("Ms. Dorn") located in Florida.

21. Upon expiration of leasing agreement and vacating the property, Ms. Dorn filed suit against Plaintiff in Seminole County Civil Court for alleged damages sustained to the rental property totaling over $8,000 ("subject debt").

22. Plaintiff was stunned by Ms. Dorn's allegations, and refuted that he owed or caused such a large sum of damages to the rental property.

23. Plaintiff appeared in Seminole County Civil Court to answer for Ms. Dorn's claims and support his defense disputing the subject debt.

24. Fortunately, Ms. Dorn was unsuccessful in supporting her claims for the entire sum of the subject debt despite Plaintiff admitting to a small amount of damages totaling $100.

25. Thereafter, the Judge entered a judgement against Plaintiff for $100 worth of damages and court fees totaling $312 for a total sum owed of $412 to Ms. Dorn.

26. Shortly thereafter, Plaintiff paid the total sum of $412 to Ms. Dorn, absolving all financial obligations per the judgement.

27. In or around May 2023, Plaintiff looked at his credit reports and noticed Defendant reporting an alleged balance owed to Ms. Dorn totaling $4,000.

28. Upon information and belief, despite the entered judgement and received payment from Plaintiff, Ms. Dorn was unsatisfied with the results of court action and contacted Defendant to attempt to collect a balance not owed.

29. In or around May 2023, Plaintiff contacted Defendant to dispute the subject debt and provided proof that the subject debt was not owed per the judgement entered by Seminole County Civil Court.

30. After months of back and forth in October 2023, Defendant sent Plaintiff an email stating that they have closed the file regarding the subject debt, and will no longer report to his credit.

31. Despite Defendant's promise to cease collecting on the subject debt, Plaintiff began receiving calls on his cellular telephone from Defendant attempting to collect the subject debt.

32. On multiple occasions, Plaintiff answered Defendant's collection calls advised he does not owe the subject debt and requested calls cease entirely.

33. Unsympathetic to Plaintiff's circumstances, Defendant continued its efforts to collect the subject debt through collection calls to Plaintiff's cellular phone.

34. Plaintiff's request that the collection calls cease fell on deaf ears and Defendant continued placing harassing collection calls Plaintiff's cellular phone, including calls from the phone numbers: (888) 504-0424.

35. In the calls that Plaintiff did answer, Defendant would greet Plaintiff with the following prerecorded message on Plaintiff's cellular telephone stating:

> *"Hello. Is this Antares Ciott? Please confirm your date of birth and we will connect you with a live representative."*

36. In total, Defendant placed no less than seventeen (17) prerecorded collection calls ("robocalls") to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

37. At no point in time did Plaintiff provide his cellular phone number to Defendant or otherwise consent to Defendant's phone calls.

## DAMAGES

38. Defendant's robocalls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including: aggravation that accompanies unwanted robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

39. Moreover, each time Defendant placed a robocall to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable

to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

40. Due to Defendant's refusal to honor Plaintiff's request that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease their abusive collection practices.

## CLASS ALLEGATIONS

41. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) in an attempt to collect a debt; (6) within the four years preceding the date of this complaint through the date of class certification.

42. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such

excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released.

### A. Numerosity

43. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

44. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

45. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

46. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendants.

### B. Commonality and Predominance

47. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

48. Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

49. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendants' conduct.

### D. Superiority and Manageability

50. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

51. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

52. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

53. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

54. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

55. Plaintiff has no interests antagonistic to those of the Putative Class and Defendants have no defenses unique to Plaintiff.

56. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**
**(On behalf of Plaintiff and the Members of the Putative Class against Defendant)**

57. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020).

58. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than seventeen (17) non-emergency robocalls to Plaintiff's phone number utilizing an artificial or prerecorded voice without Plaintiff's consent.

59. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon the call reaching Plaintiff's cellular phone.

60. Defendant did not have consent to place calls to Plaintiff's cellular phone because (1) Plaintiff never provided his number to Defendant or otherwise

consent to Defendant's calls, and (2) Plaintiff revoked any prior consent that Defendant may have had by requesting that the collection calls cease.

61. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

62. Upon information and belief, Defendant knew their collection practices were in violation of the TCPA, yet continued to employ them to maximize profits at the expense of Plaintiff and the Putative Class.

63. As pled above, Plaintiff was harmed by Defendants' unlawful collection calls.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. a judgment in Plaintiff's favor finding that Defendants violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c. an order enjoining Defendants from placing further violating calls to consumers;

d. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

    e.    an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

    f.    any further relief this Court deems just and proper.

## COUNT II:
## Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)
### (Plaintiff individually against Defendant)

64. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a.**    **Violations of FDCPA § 1692c**

65. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

66. As set forth above, Plaintiff requested that DEFENDANT cease its collection calls to his cellular phone.

67. Despite having actual knowledge that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing collection calls, which were clearly inconvenient to Plaintiff.

68. Defendant violated § 1692c(a)(1) by placing at least seventeen (17) collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

69. Specifically, since Plaintiff did not want any calls from Defendant, any call placed by Defendant after the cease request was placed at a time that Defendant knew was an inconvenient time for Plaintiff.

  **b.**  **Violations of FDCPA § 1692d**

70. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

71. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

72. Defendant violated §§ 1692d and d(5) by placing at least seventeen (17) collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after Plaintiff requested that the collections calls cease.

73. Defendant's conduct in systematically placing unwanted collection calls to Plaintiff's cellular phone number is inherently harassing and abusive.

74. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Defendant had actual knowledge that Plaintiff did not want to be called on his cellular phone.

75. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made a request(s) that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

76. As set forth above, Plaintiff was injured by Defendant's abusive collection practices.

    **c.**    **Violations of FDCPA § 1692e**

77. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt. The subject debt was not owed at the time Defendant demanded payment from Plaintiff as the subject debt was paid.

78. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant attempted to collect the subject debt from Plaintiff despite Plaintiff no longer owing the subject debt.

79. Defendant acted wrongfully when it continued to collect on addition funds thereafter knowing the Plaintiff was no longer responsible for any amount owed on subject debt.

80. Defendant violated § 1692e(8) by communicating patently false credit information to credit reporting agencies that it knew, or should have known, to be false and inaccurately reported subject debt. This information was inaccurate and misleading because subject debt was never owed and therefore Plaintiff had no obligations to Defendant. Further, Plaintiff contacted Defendant and explained that the subject debt was inaccurate giving it even more reason to know it was reporting inaccurate credit information.

81. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure additional payments of the subject debt, Defendant willingly ignored the fact that Plaintiff paid the entire balance owed per the judgement, so Defendant can collect on additional funds not owed.

### d.     Violation of FDCPA §1692f

82. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was no longer owed at the time Defendant demanded payment, but Defendant bombarded Plaintiff with collection efforts anyway in hopes that Plaintiff would make a payment.

83. Defendant violated §1692f(1) by attempting to collect the subject debt from Plaintiff when he no longer owed the subject debt. By operation of law,

Defendant did not have a legal right to collect a debt not legally owed at the time Defendant requested additional payment.

84. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

85. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

86. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff requests the following relief:

a. A judgment in Plaintiff's favor for Defendant's violations of the FDCPA;

b. An award of statutory damages in the amount of $1,000.00;

c. An award of compensatory damages;

d. An award of reasonable attorney's fees and costs; and

e. Any further relief this Court deems just and proper.

## COUNT III:

**Violations of the Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**
**(Plaintiff individually against Defendant)**

87. Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

88. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after Plaintiff requested that the calls cease.

89. Defendant's incessant collection calls were placed with the specific intent to harass Plaintiff and pressure Plaintiff into making payment on the subject debt not owed.

90. Plaintiff was harassed and abused by Defendant's incessant collection calls to collect on a debt not owed.

91. As set forth above, Plaintiff was injured by Defendant's abusive collection practices.

**WHEREFORE**, Plaintiff requests the following relief:

a. A judgment in Plaintiff's favor for Defendant's violations of the FCCPA;

b. An award of statutory damages;

c. An award of compensatory damages;

d. An award of reasonable attorney's fees and costs;

e. Any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: December 27, 2023                    Respectfully submitted,

**ANATRES J. CIOTTI**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
ataylor@sulaimanlaw.com